**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RHONDA LAVETTE FIFER,**

        Plaintiff,

v.                           **Case No. 17-cv-374-pp**

**PATRICK A. TIENOR,**

        Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT
OF THE FILING FEE (DKT. NO. 2), AND DISMISSING COMPLAINT**

---

The plaintiff, a Wisconsin state prisoner who is representing herself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. This order resolves the motion and screens the complaint.

I.     <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when she filed her complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with her lawsuit without prepaying the case filing fee, as long as she meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On March 22, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $14.45. Dkt. No. 5. The plaintiff paid that fee on April 3,

1

2017. Accordingly, the court will grant the plaintiff's motion. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.(citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## A. The Plaintiff's Allegations

On April 15, 2016, while in the restricted housing unit, the plaintiff woke up with swollen, itchy eyes that were crusted shut from draining puss and mucous. Dkt. No. 1 at 2. The plaintiff complained to Sergeant Albrecht, who informed Nurse Cortaz to go to the plaintiff's cell. Id. Nurse Cortaz made some notes so she could inform the defendant, Nurse Patrick Tienor. Id.

The plaintiff asserts that, after learning about the plaintiff's condition, the defendant did not go to see the plaintiff, nor did he make arrangements to contact her. Id. The plaintiff states that hours passed and her symptoms worsened. Id. According to the plaintiff, Albrecht noticed that the plaintiff's symptoms were worsening and instructed her to inform Cortaz when Cortaz did her second medication pass. Id.

The plaintiff spoke to Cortaz, who informed her that the defendant was not going to see her because he considered her symptoms to be "a non-medical emergency," and because the symptoms were on-going (the plaintiff denies that her symptoms were on-going). Id. After Cortaz left, the plaintiff pushed her call button and asked Officer Fravert to contact the defendant. Id. Fravert complied. Id. The defendant told her to have the plaintiff "drop a blue HSU slip." Id. at 3.

The plaintiff states that, after six hours of waiting, the defendant examined her eyes and told her she had eye conjunctivitis (*i.e.*, pink eye). Id. He told her that she would be given a daily antibiotic. Id.

The plaintiff states that since contracting conjunctivitis, she has had constant eye drainage, pain in her upper eye lids, burning in her eyes, and permanent circles and dots in her field of vision that were not there previously. Id. The plaintiff also states that she has had to get a stronger eyeglass prescription, and that her astigmatism is worse. Id.

**B.     Analysis**

The court notes that, on her request to proceed without prepayment of the full filing fee, the plaintiff indicates that she previously filed only one other case, David Holloway in 2015. Dkt. No. 2. The plaintiff failed to mention that, on October 6, 2016, she filed a complaint against defendant Patrick Tienor—the defendant she names in this case—based *on these same allegations*. See Fifer v. Tienor, Case No. 16-cv-1340, Dkt. No. 1 (Oct. 6, 2016 E.D. Wis.). Magistrate Judge David E. Jones (the judge assigned to that case) screened the plaintiff's complaint on November 7, 2016, and dismissed her lawsuit based on her failure to state a claim. Id. at Dkt. No. 7.

Judge Jones explained that jail officials violate the Eighth Amendment when they know of a substantial risk of serious harm to inmate health or safety, and they either act or fail to act in disregard of that risk. Id. at Dkt. No. 7, p. 5, citing Farmer v. Brennan, 511 U.S. 825, 832 (1994); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011).

Applying this standard, Judge Jones held that, while a six-hour wait may amount to deliberate indifference under some circumstances, waiting for treatment for pinkeye is not one of them. Id. at Dkt. No. 7, p. 6. He also stated: "Indeed, any individual, whether or not incarcerated, would perhaps have to wait at least as long to be seen at an Urgent Care facility, and Ms. Fifer does not indicate that the wait resulted in any additional harm or complications stemming from her condition." Id. at pp. 6-7.

It appears to be this last statement that prompted the plaintiff to file a new complaint, because the only allegations included her current complaint there were not also in her October 2016 complaint are that she continued to experience drainage and pain in her eyes, that her eyeglass prescription changed and her astigmatism worsened.

The proper way for the plaintiff to challenge Judge Jones's decision would be for her to file a motion to alter or amend the judgment under Fed. R. Civ. Pro. 59(e). It was not appropriate for the plaintiff to file a new lawsuit, alleging almost the same facts that she alleged in the complaint before Judge Jones; by filing the second complaint, the plaintiff appears to be trying to get a different judge to issue a different decision that Judge Jones did. At the very least, the plaintiff should have told *this* court in *this* case that she had filed another case against this defendant, and that Judge Jones had dismissed it. It appears that the plaintiff left out that fact in the hope that another judge would not notice, and would let her proceed on the claim that Judge Jones had dismissed.

Judge Jones's decision precludes the plaintiff from litigating her claims against the defendant. Claim preclusion "prevents relitigation of claims that were—or could have been—decided in an earlier proceeding . . . ." White v. Poore, 660 Fed.Appx. 475, 477 (7th Cir. 2016). It applies when "(1) the first suit resulted in a final decision on the merits, (2) both suits arise from the same transaction, and (3) the parties are the same. Id. (citations omitted). All three elements are satisfied here: (1) "[a] dismissal for failure to state a claim is a dismissal on the merits," id. (citations omitted); (2) both suits arise in connection with the treatment of the plaintiff's pinkeye condition; and (3) both suits name Patrick Tienor as the only defendant.

In this case, the plaintiff has added a few new allegations: that her eyes continue to drain, she is in pain, and her vision has worsened. There is no indication that the plaintiff could not have made these same allegations in her October 2016 complaint. See id. ("claim preclusion does not apply to claims that arise after a prior lawsuit was filed"). Even if the conditions she describes in this complaint did not arise until after she filed her October 2016 complaint, she still would not state a claim against the defendant, because Judge Jones' decision was based on the fact that having to wait for six hours to see a medical professional for pink eye did not constitute deliberate indifference.

The plaintiff alleges that her symptoms continue as a result of the fact that she has pink eye, not as a result of the six-hour delay in receiving treatment. See Conley v. Birch, 796 F.3d 742 (7th Cir. 2015) (when prison officials delay rather than deny medical assistance, a plaintiff must show that

6

the delay, rather than the underlying condition, caused harm) (quoting Jackson v. Pollion, 733 F.3d 786, 790 (7th Cir. 2013)). The court cannot reasonably infer from the plaintiff's new allegations that the delay, rather than the condition itself, is responsible for the plaintiff's persistent symptoms. And, as the court already has said, Judge Jones already has decided that the six-hour delay was reasonable. If the plaintiff disagrees with that decision, she should file a motion *with Judge Jones*, not try to find a different judge in the hope of a different result.

To the extent that the plaintiff wants to argue that whatever treatment the defendant gave her didn't work, that claim also would fail. The plaintiff does not allege that she ever informed the defendant that the treatment he had prescribed was not working, or that she continued to experience symptoms despite the treatment. An official must *know of* and disregard an excessive risk to inmate health in order to be liable. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Nothing in the plaintiff's new allegations implies that the defendant knew that the prescribed antibiotics were ineffective.

In short, even if Judge Jones's decision did not preclude the claims the plaintiff seeks to state with her additional allegations, she still would fail to state a claim.

I. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2).

7

The court **DISMISSES** this complaint under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous. The Clerk of Court will document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** that the agency having custody of the prisoner shall collect from her institution trust account the $335.55 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify those payments by the case name and number. If the plaintiff is transferred to another institution (whether county, state or federal), the transferring institution shall forward a copy of this order along with plaintiff's remaining account balance to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). The plaintiff must file any motion under Federal Rule of Civil Procedure 60(b) within a reasonable time—generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of April, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge